1
2
3
4
5
6
7
8                    **UNITED STATES DISTRICT COURT**
9                   **CENTRAL DISTRICT OF CALIFORNIA**
10

| 11 | EOPUS INNOVATIONS LLC, | |
|----|------------------------|---|
| 12 | Plaintiff, | **Lead Case No.:** |
| 13 | v. | **2:13-CV-09552-JAK (MANx)** |
| 14 | DREAMWORKS ANIMATION | 2:13-CV-09554-JAK (MANx) |
| 15 | SKG, INC., | 2:13-CV-09555-JAK (MANx) |
| 16 | Defendant. | 2:13-CV-09556-JAK (MANx) |

| 17 | EOPUS INNOVATIONS LLC, |  AMENDED |
|----|------------------------|---|
| 18 | Plaintiff, | **PROTECTIVE ORDER** |
| 19 | v. | **ENTERED PURSUANT TO** |
| 20 | | **THE PARTIES'** |
| 21 | AVONGARD PRODUCTS U.S.A., | **STIPULATION** |
| 22 | LTD., DBA HYDRAULX VISUAL EFFECTS, | |
| 23 | Defendant. | |

| 24 | EOPUS INNOVATIONS LLC, | |
|----|------------------------|---|
| 25 | Plaintiff, | |
| 26 | v. | |
| 27 | DELUXE ENTERTAINMENT | |
| 28 | SERVICES GROUP, INC., | |

Defendant.

EOPUS INNOVATIONS LLC,

    Plaintiff,

  v.

SONY PICTURES IMAGEWORKS, INC.,

    Defendant.

   Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and based on the parties' [Proposed] Joint Stipulated Protective Order ("Stipulation") filed on May 30, 2014, the terms of the protective order to which the parties have agreed are adopted as a protective order of this Court (which generally shall govern the pretrial phase of this action) except to the extent, as set forth below, that those terms have been substantively modified by the Court's amendment of paragraphs I.A.4(d) and VI.H.5 of the Stipulation.

   The parties are expressly cautioned that the designation of any information, document, or thing as Confidential, Confidential Outside Counsel Only, Restricted Confidential Source Code, or other designation(s) used by the parties, does not, in and of itself, create any entitlement to file such information, document, or thing, in whole or in part, under seal.  Accordingly, reference to this Protective Order ("Order") or to the parties' designation of any information, document, or thing as Confidential, Confidential Outside Counsel Only, Restricted Confidential Source Code, or other designation(s) used by the parties, is wholly insufficient to warrant a filing under seal.

   There is a strong presumption that the public has a right of access to judicial proceedings and records in civil cases.  In connection with non-dispositive motions, good cause must be shown to support a filing under seal.  The parties' mere designation of any information, document, or thing as Confidential, Confidential

1    Outside Counsel Only, Restricted Confidential Source Code, or other designation(s)

2    used by parties, does not -- **without the submission of competent evidence, in the**

3    **form of a declaration or declarations, establishing that the material sought to**

4    **be filed under seal qualifies as confidential, privileged, or otherwise**

5    **protectable** -- constitute good cause.

6         Further, if sealing is requested in connection with a dispositive motion or

7    trial, then compelling reasons, as opposed to good cause, for the sealing must be

8    shown, and the relief sought shall be narrowly tailored to serve the specific interest

9    to be protected.  *See* <u>Pintos v. Pacific Creditors Ass'n</u>, 605 F.3d 665, 677-79 (9th

10   Cir. 2010).  For each item or type of information, document, or thing sought to be

11   filed or introduced under seal in connection with a dispositive motion or trial, the

12   party seeking protection must articulate compelling reasons, supported by specific

13   facts and legal justification, for the requested sealing order.  **Again, competent**

14   **evidence supporting the application to file documents under seal must be**

15   **provided by declaration.**

16        Any document that is not confidential, privileged, or otherwise protectable in

17   its entirety will not be filed under seal if the confidential portions can be redacted.

18   If documents can be redacted, then a redacted version for public viewing, omitting

19   only the confidential, privileged, or otherwise protectable portions of the document,

20   shall be filed.  Any application that seeks to file documents under seal in their

21   entirety should include an explanation of why redaction is not feasible.

22        Notwithstanding any other provision of this Protective Order, in the event

23   that this case proceeds to trial, all information, documents, and things discussed or

24   introduced into evidence at trial will become public and available to all members of

25   the public, including the press, unless sufficient cause is shown in advance of trial

26   to proceed otherwise.

27        **THE PARTIES ARE DIRECTED TO REVIEW CAREFULLY AND**

28   **ACT IN COMPLIANCE WITH ALL ORDERS ISSUED BY THE**

**HONORABLE JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE, INCLUDING THOSE APPLICABLE TO FILINGS UNDER SEAL.**

**AGREED TERMS OF THE PROTECTIVE ORDER AS ADOPTED AND MODIFIED BY THE COURT[1]**

**I.      INFORMATION SUBJECT TO THIS ORDER**

Discovery materials produced in this case may be labeled, **as set forth below,** as one of three categories:  CONFIDENTIAL; CONFIDENTIAL OUTSIDE COUNSEL ONLY; and**/or** RESTRICTED CONFIDENTIAL SOURCE CODE. All three of the identified categories of information shall be referred to collectively in this Order as "Protected Information."

**A.      CONFIDENTIAL INFORMATION**

For purposes of this Order, "CONFIDENTIAL INFORMATION" shall mean all information or material produced for or disclosed in connection with this action to a receiving party that a producing party, including any party to this action and any nonparty producing information or material voluntarily or pursuant to a subpoena or a court order in connection with this action, considers to comprise confidential technical, sales, marketing, financial, or other commercially sensitive information, whether embodied in physical objects, documents, or the factual knowledge of persons, and which has been so designated by the producing party. Any CONFIDENTIAL INFORMATION obtained by any party from any person pursuant to discovery in this litigation may be used only for purposes of this litigation.  The following information is not CONFIDENTIAL INFORMATION: any information that is in the public domain or becomes part of the public domain after its disclosure to a receiving party; any information that the receiving party can show was already publicly known prior to the disclosure; and any information that

---

[1]      The Court's substantive modifications of the agreed terms of the Protective Order are generally indicated in bold typeface.

the receiving party can show by written records was received by it from a source who obtained the information lawfully and under no obligation of confidentiality to the producing party.

1.     Any document or tangible thing containing or including any CONFIDENTIAL INFORMATION may be designated as such by the producing party by marking it "CONFIDENTIAL" prior to or at the time copies are furnished to the receiving party.

2.     All CONFIDENTIAL INFORMATION not reduced to documentary, tangible, or physical form, or which cannot be conveniently designated as set forth in paragraph 1, shall be designated by the producing party by informing the receiving party of the designation in writing.

3.     Any documents (including physical objects) made available for inspection by counsel for the receiving party prior to producing copies of selected items shall initially be considered, as a whole, to constitute CONFIDENTIAL INFORMATION (unless otherwise designated at the time of inspection) and shall be subject to this Order.  Thereafter, the producing party shall have a reasonable time to review and designate the appropriate documents as CONFIDENTIAL (or otherwise as appropriate) prior to furnishing copies to the receiving party.

4.     Documents designated CONFIDENTIAL and information contained therein shall only be available to:

a.     Outside litigation counsel of record and supporting personnel employed in the law firm(s) of outside litigation counsel of record, such as attorneys, paralegals, legal translators, legal secretaries, legal clerks, and shorthand reporters;

b.     Up to **three (**3) in-house counsel, who are members of at least one state bar in good standing, with responsibility for managing this litigation;

c.     Technical advisers and their necessary support personnel, subject to the provisions herein, and who have signed the form attached hereto as

1   Attachment A; the term "technical adviser" shall mean independent outside expert

2   witnesses or consultants (*i.e.*, not employees of a party) with whom counsel may

3   deem it necessary to consult and who comply with paragraph 15;

4           d.     The Court, its personnel, and stenographic reporters, and

5   for the avoidance of doubt, neither the Court nor its personnel shall be required to

6   sign the form attached hereto as Attachment A; and

7           e.     Independent legal translators retained to translate in

8   connection with this action; independent stenographic reporters and videographers

9   retained to record and transcribe testimony in connection with this action; graphics,

10   translation, or design services retained by counsel for purposes of preparing

11   demonstrative or other exhibits for deposition, trial, or other court proceedings in

12   the actions; non–technical jury or trial consulting services.

13         **B.**    **CONFIDENTIAL OUTSIDE COUNSEL ONLY INFORMATION**

14        The CONFIDENTIAL OUTSIDE COUNSEL ONLY designation is reserved

15   for CONFIDENTIAL INFORMATION that constitutes:  (a) marketing, financial,

16   sales, usage data, web traffic, research and development, or technical, data, or

17   information; (b) commercially sensitive, competitive information, including,

18   without limitation, information obtained from a nonparty pursuant to a current

19   Nondisclosure Agreement ("NDA"); (c) information or data relating to future

20   products not yet commercially released and/or strategic plans; (d) commercial

21   agreements,  settlement agreements, or settlement communications; (e) trade

22   secrets; or (f) other documents, the disclosure of which is reasonably likely to cause

23   harm to the competitive position of the producing party.  Documents marked

24   CONFIDENTIAL OUTSIDE ATTORNEYS' EYES ONLY, HIGHLY

25   CONFIDENTIAL or RESTRICTED CONFIDENTIAL shall be treated as if

26   designated CONFIDENTIAL OUTSIDE COUNSEL ONLY.  In determining

27   whether information should be designated as CONFIDENTIAL OUTSIDE

28   COUNSEL ONLY, each party agrees to use such designation only in good faith.

1   Documents designated CONFIDENTIAL OUTSIDE COUNSEL ONLY and

2   information contained therein shall be available only to the persons or entities listed

3   in paragraphs I.A.4.a, c, d, and e, subject to any terms set forth or incorporated

4   therein, and may not be made available to any person or entity listed in paragraph

5   1.A.4.b.

6   ## C.   RESTRICTED CONFIDENTIAL SOURCE CODE

7   The RESTRICTED CONFIDENTIAL SOURCE CODE designation is

8   reserved for CONFIDENTIAL INFORMATION that contains or substantively

9   relates to a producing party's "Source Code," which shall mean documents

10  containing or substantively relating to confidential, proprietary, and/or trade secret

11  source code or technical design documentation.  "Confidential Source Code"

12  includes human-readable programming language text that defines software,

13  firmware, or electronic hardware descriptions.  Confidential Source Code also

14  includes source code files, which are text files containing source code.  These

15  include, but are not limited to, files containing source code written in "Java," "C,"

16  "C++," "assembler", VHDL, Verilog, and digital signal processor ("DSP")

17  programming languages, as well as ".include files," "make" files, link files, and

18  other human-readable text files used in the generation and/or building of software

19  directly executed on a microprocessor, micro-controller, or DSP.  Confidential

20  Source Code does not include binary executable files and object code files, nor does

21  it include tools such as compilers or linkers.[2]  Nothing in this Order shall obligate

22  the parties to produce any Confidential Source Code, nor act as any admission that

23  any particular source code is relevant or discoverable in this action.

24  All Source Code and other Protected Information designated as

25  "RESTRICTED CONFIDENTIAL SOURCE CODE" shall be subject to the

26  following provisions:

27

28  [2]   The parties agree that binary executable files and object code files do not need to be produced and that to the extent binary executable files and object code files are produced, they shall be afforded the same protection as other "Confidential Source Code" defined in this section.

1.    To the extent any producing party agrees to provide Source Code, it shall only be made available for inspection, not produced, except as provided for below, and shall be made available in electronic format at one of the following locations chosen at the sole discretion of the producing party:  (1) the offices of the producing party's outside counsel of record in this action; (2) a single, third-party site located within any judicial district in which the Source Code is stored in the ordinary course of business (*e.g.*, an escrow company); or (3) a location mutually agreed upon by the receiving and producing parties.  Any location under (1), (2), or (3) above shall be in the continental United States.

2.    Source Code will be loaded on a single, non-networked computer that is password protected and maintained in a secure, locked room.  Use or possession of any input/output device (*e.g.*, USB memory stick, cameras, or any camera-enabled device, CDs, floppy disk, portable hard drive, laptop, or any devices that can access the Internet or any other network or external system, etc.) is prohibited while accessing the computer containing the Source Code.  All persons entering the secure, locked room containing the Source Code must agree to submit to reasonable security measures to insure they are not carrying any prohibited items before they will be given access to the locked room.  The computer containing Source Code will be made available for inspection during regular business hours, 9:00 a.m. through 5:30 p.m. local time at the reviewing location, upon reasonable notice by the receiving party, which shall not be less than five (5) business days in advance of the requested inspection.

3.    The receiving party's outside counsel and/or experts may request that commercially available licensed software tools for viewing and searching Source Code be installed on the secured computer.  The receiving party must provide the producing party with the CD or DVD containing such software tool(s) at least five (5) business days in advance of the inspection.

4.    The receiving party's outside counsel and/or expert shall be

1   entitled to take notes relating to the Source Code but may not copy any portion of

2   the Source Code into the notes.  No copies of all or any portion of the Source Code

3   may leave the room in which the Source Code is inspected except as otherwise

4   provided herein.  In addition, no mobile phones of any kind are allowed in the

5   source code inspection room.  Further, no other written or electronic record of the

6   Source Code is permitted except as otherwise provided herein.

7        5.      No person shall copy, email, transmit, upload, download, print,

8   photograph, or otherwise duplicate any portion of the designated Source Code,

9   except the receiving party may request a reasonable number of pages of Source

10  Code to be printed by the producing party, but only if and to the extent necessary

11  for use in this action.  In no event may the receiving party print more than five (5)

12  consecutive pages, or an aggregate total of more than **fifty (**50**)** pages, of Source

13  Code during the duration of the case without prior written approval by the

14  producing party.  Subject to paragraph I.C.6, within five (5) business days or such

15  additional time as necessary due to **the** volume **of data** requested, the producing

16  party will provide the requested printed pages on watermarked or colored paper

17  bearing Bates numbers and the legend "RESTRICTED CONFIDENTIAL

18  SOURCE CODE," unless objected to as discussed below.  The printed pages shall

19  constitute part of the Source Code produced by the producing party in this action.

20        6.      If the producing party objects that the printed portions are not

21  reasonably necessary to any case preparation activity, the producing party shall

22  make such objection known to the receiving party within five (5) business days.  If

23  after meeting and conferring**, and the meet-and-confer discussion need not take

24  place in person,** the producing party and the receiving party cannot resolve the

25  objection, the producing party shall be entitled, but not required, to seek Court

26  resolution of whether the printed Source Code in question is reasonably necessary

27  to any case preparation activity.  Contested Source Code print outs need not be

28  produced to the requesting party until the matter is resolved by the Court.

7.     Any printed pages of Source Code, and any other documents or things reflecting Source Code that have been designated by the producing party as "RESTRICTED CONFIDENTIAL SOURCE CODE," may not be copied, digitally imaged, or otherwise duplicated, except in limited excerpts necessary to attach as exhibits to depositions, expert reports, or court filings as discussed below.

8.     Any paper copies designated "RESTRICTED CONFIDENTIAL SOURCE CODE" shall be stored or viewed only at:  (i) the offices of outside counsel for the receiving party; (ii) the offices of outside experts or consultants who have been approved to access Source Code; (iii) the site where any deposition is taken; (iv) the Court; or (v) any intermediate location necessary to transport the information to a hearing, trial, or deposition.  Any such paper copies shall be maintained at all times in a secure location under the direct control of counsel responsible for maintaining the security and confidentiality of the designated materials.

9.     A list of names of persons who will view the Source Code will be provided to the producing party in conjunction with any written (including email) notice requesting inspection.  The producing  party shall maintain a daily log of the names of persons who enter the secure, locked room to view the Source Code and when they enter and depart.  The producing party shall be entitled to have a person observe all entrances and exits from the Source Code viewing room.  The receiving party shall be entitled to a  copy of the log.

10.     Unless otherwise agreed in advance by the parties in writing, following each inspection, the receiving party's outside counsel and/or experts shall remove all notes, documents, and all other materials from the room that may contain work product and/or attorney-client privileged information.  The producing party shall not be responsible for any items left in the room following each inspection session.

11.     The receiving party will not copy, remove, or otherwise transfer

1   any portion of the Source Code from the Source Code Computer including, without

2   limitation, copying, removing, or transferring any portion of the Source Code onto

3   any other computers or peripheral equipment.  The receiving party will not transmit

4   any portion of the Source Code in any way from the location of the Source Code

5   inspection.

6           12.    Only the following individuals shall have access to

7   "RESTRICTED CONFIDENTIAL SOURCE CODE" materials, absent the express

8   written consent of the producing party or further Court order:

9                   a.    Outside counsel of record for the parties to this action,

10  including any attorneys, paralegals, technology specialists, and clerical employees

11  of their respective law firms;

12                  b.    Up to three (3) outside experts or consultants per party,

13  pre-approved in accordance with the provisions set forth herein, and specifically

14  identified as eligible to access Source Code;

15                  c.    The Court, its technical advisor (if one is appointed), the

16  jury, court personnel, and court reporters or videographers recording testimony or

17  other proceedings in this action.  Court reporters and/or videographers shall not

18  retain or be given copies of any portions of the Source Code.  If used during a

19  deposition, the deposition record will identify the exhibit by its production

20  numbers;

21                  d.    While testifying at deposition in this action only:  (i) any

22  current or former officer, director, or employee of the producing party or original

23  source of the information; (ii) any person designated by the producing party to

24  provide testimony pursuant to Rule 30(b)(6) of the Federal Rules of Civil

25  Procedure; and/or (iii) any person who authored, previously received (other than in

26  connection with this litigation), or was directly involved in creating, modifying, or

27  editing the Source Code, as evident from its face or reasonably certain in view of

28  other testimony or evidence.  Persons authorized to view Source Code pursuant to

1   this subparagraph shall not retain or be given copies of the Source Code except

2   while so testifying.

3              13.    The receiving party's outside counsel shall maintain a log of all

4   copies of the Source Code (received from a producing party) that are delivered by

5   the receiving party to any qualified person under paragraph I.C.12 above.  The log

6   shall include the names of the recipients and reviewers of copies and locations

7   where the copies are stored.  Upon request by the producing party, the receiving

8   party shall provide reasonable assurances and/or descriptions of the security

9   measures employed by the receiving party and/or qualified person that receives a

10  copy of any portion of the Source Code;

11             14.    Except as provided in this paragraph, the receiving party may

12  not create electronic images, or any other images, of the Source Code (*e.g.*, may not

13  scan the source code to a PDF or photograph the code).  The receiving party may

14  create an electronic copy or image of limited excerpts of Source Code only to the

15  extent necessary in a pleading, exhibit, expert report, discovery document,

16  deposition transcript, other Court document, or any drafts of these documents

17  ("SOURCE CODE DOCUMENTS").  The receiving party shall only include such

18  excerpts as are reasonably necessary for the purposes for which such part of the

19  Source Code is used.  Images or copies of Source Code shall not be included in

20  correspondence between the parties (references to production numbers shall be used

21  instead) and shall be omitted from pleadings and other papers except to the extent

22  permitted herein.  The receiving party may create an electronic image of a selected

23  portion of the Source Code only when the electronic file containing such image has

24  been encrypted using commercially reasonable encryption software including

25  password protection.  The communication and/or disclosure of electronic files

26  containing any portion of Source Code shall at all times be limited to individuals

27  who are authorized to see Source Code under the provisions of this Order.  The

28  receiving party shall maintain a log of all electronic images and paper copies of

Source Code in its possession or in the possession of its retained consultants, including the names of the recipients and reviewers of any electronic or paper copies and the locations where the copies are stored.  Additionally, all electronic copies must be labeled "RESTRICTED CONFIDENTIAL SOURCE CODE."

15.     To the extent portions of Source Code are quoted in a SOURCE CODE DOCUMENT, either (1) the entire document will be stamped and treated as RESTRICTED CONFIDENTIAL SOURCE CODE, or (2) those pages containing quoted Source Code will be separately bound, and stamped and treated as RESTRICTED CONFIDENTIAL SOURCE CODE.

16.     All copies of any portion of the Source Code in whatever form shall be securely destroyed if they are no longer in use.  Copies of Source Code that are marked as deposition exhibits shall not be provided to the Court Reporter or attached to deposition transcripts; rather, the deposition record will identify the exhibit by its production numbers.

17.     The receiving party's outside counsel may only disclose a copy of the Source Code to individuals specified in paragraph I.C.12 above (*e.g.*, Source Code may not be disclosed to in-house counsel).

## II.     PROSECUTION BAR

Any person reviewing any opposing party's Protected Information (which shall also be automatically designated as "Prosecution Bar Materials") shall not, for a period commencing upon receipt of such information and ending two (2) years following the conclusion of this case (including any appeals) engage in any Prosecution Activity (as defined below) on behalf of a party asserting a patent in this case or any related or commonly controlled entity.  Furthermore, any person reviewing any opposing party's Prosecution Bar Materials shall not, for a period commencing upon receipt of such information and ending two (2) years following the conclusion of this case (including any appeals) engage in any Prosecution Activity involving claims on a method, apparatus, or system relating to click

1    through or transparent interface tools or functionalities that operate on a set of
2    underlying data. "Prosecution Activity" shall mean any activity related to the
3    competitive business decisions involving:  (i) the preparation or prosecution (for
4    any person or entity) of patent applications, including but not limited to providing
5    any advice or counseling regarding, or participating in, the drafting of claims for
6    any patent application, reissue application, reexamination, inter partes review, post
7    grant review, covered business method review, or any other proceeding at the U.S.
8    Patent and Trademark Office (or any similar agency of a foreign government),
9    relating to click through or transparent interface tools or functionalities that operate
10   on a set of underlying data; or (ii) advising or counseling clients regarding the
11   same.  "Prosecution Activity" as used in this paragraph does not include
12   representing a party challenging a patent before a domestic or foreign agency
13   (including, but not limited to, a reissue application, reexamination, inter partes
14   review, post grant review, or covered business method review).  Nothing in this
15   paragraph shall prevent any attorney from sending non-confidential prior art to an
16   attorney involved in patent prosecution for purposes of ensuring that such prior art
17   is submitted to the U.S. Patent and Trademark Office (or any similar agency of a
18   foreign government) to assist a patent applicant in complying with its duty of
19   candor.  Nothing in this paragraph shall prohibit any attorney of record in this
20   litigation from discussing any aspect of this case that is reasonably necessary for the
21   prosecution or defense of any claim or counterclaim in this litigation with his/her
22   client.

23   **III.   ACQUISITION BAR**

24          Any person reviewing any opposing party's Protected Information, for a
25   period commencing upon receipt of such information and ending three (3) years
26   following the conclusion of this case (including any appeals) shall not engage in
27   any Acquisition Activity (as defined below) on behalf of a party asserting a patent
28   in this case or any related or commonly controlled entity.  "Acquisition Activity"

shall mean any activity related to: (i) the acquisition of patents or patent applications (for any person or entity) relating to click through or transparent interface tools or functionalities that operate on a set of underlying data for the purpose of asserting them against the other party; or (ii) advising or counseling clients regarding the same.

## IV.   DISCLOSURE OF TECHNICAL ADVISERS

Information designated by the producing party under any category of Protected Information and such copies of this information as are reasonably necessary for maintaining, defending or evaluating this litigation may be furnished and disclosed to the receiving party's technical advisers and their necessary support personnel. No disclosure of Protected Information to a technical adviser or their necessary support personnel shall occur until that person has signed the form attached hereto as Attachment A, and a signed copy has been provided to the producing party; and to the extent there has been an objection, that objection is resolved according to the procedures set forth below.

D.    A party desiring to disclose Protected Information to a technical adviser shall also give prior written notice of the following information for each technical adviser: name, address, curriculum vitae, current employer, employment history for the past ten (10) years, a listing of cases in which the witness has testified as an expert at trial or by deposition within the preceding five (5) years, and an identification of any patents or patent applications in which the technical adviser is identified as an inventor or applicant. The producing party shall have ten (10) business days after such notice is given to object in writing to the disclosure. No Protected Information shall be disclosed to such expert(s) or consultant(s) until after the expiration of the foregoing notice period and resolution of any objection.

E.    A party objecting to disclosure of Protected Information to a technical adviser shall state with particularity the ground(s) of the objection. The objecting party's consent to the disclosure of Protected Information to a technical adviser

1  shall not be unreasonably withheld, and its objection must be based on that party's

2  good faith belief that disclosure of its Protected Information to the technical adviser

3  will result in specific business or economic harm to that party.

4       F.     If after consideration of the objection, the party desiring to disclose the

5  Protected Information to a technical adviser refuses to withdraw the technical

6  adviser, that party shall provide notice to the objecting party.  Thereafter, if an

7  agreement cannot be reached, pursuant to Local Rules 37-1 and 37-2 governing

8  discovery disputes, the parties shall file a Joint Stipulation concerning the

9  objection.

10       G.     The **party objecting to disclosure of Protected Information** shall

11  have the burden of showing to the Court "good cause" for preventing the disclosure

12  of its Protected Information to the technical adviser.  This "good cause" shall

13  include a particularized showing that:  (1) the Protected Information is confidential

14  commercial information; (2) disclosure of the Protected Information likely would

15  result in a clearly defined and serious injury to the objecting party's business; and

16  (3) the proposed technical advisor is in a position to allow the Protected

17  Information to be disclosed to or become known by the objecting party's

18  competitors, disclosure of Protected Information would inevitably result in a

19  conflict of interest for the technical advisor, or the technical advisor's access to

20  Protected Information may create other confidentiality or legal risks in connection

21  with other patent-related activities or interests tied to the technical advisor.

22  **V.     CHALLENGES TO CONFIDENTIALITY DESIGNATIONS**

23       The parties shall use reasonable care when designating documents or

24  information as Protected Information.  Nothing in this Order shall prevent a

25  receiving party from contending that any documents or information designated as

26  Protected Information have been improperly designated.  A receiving party may at

27  any time request that the producing party cancel or modify the Protected

28  Information designation with respect to any document or information contained

therein.  A party shall not be obligated to challenge the propriety of a designation of any category of Protected Information at the time of production, and a failure to do so shall not preclude a subsequent challenge thereto.  Such a challenge shall be written, shall be served on counsel for the producing party, and shall particularly identify the documents or information that the receiving party contends should be differently designated.  The parties shall use their best reasonable efforts to resolve **such disputes** promptly and informally.  If an agreement cannot be reached, pursuant to Local Rules 37-1 and 37-2 governing discovery disputes, the parties shall file a Joint Stipulation concerning the documents and designations in dispute.  The burden of demonstrating the confidential nature of any information shall at all times be and remain on the producing party.  Until a determination by the Court, the information in issue shall be treated as having been properly designated and subject to the terms of this Order.

## VI.  LIMITATIONS ON THE USE OF PROTECTED INFORMATION

All Protected Information shall be held in confidence by each person to whom it is disclosed, shall be used only for purposes of this litigation, shall not be used for any business purpose or in connection with any other legal proceeding, and shall not be disclosed to any person who is not entitled to receive such information as herein provided.  All produced Protected Information shall be carefully maintained so as to preclude access by persons who are not entitled to receive such information.

H.    Except as may be otherwise ordered by the Court, any person may be examined as a witness at depositions and may testify concerning all Protected Information of which such person has prior knowledge.  Without in any way limiting the generality of the foregoing:

1.    A present director, officer, and/or employee of a producing party may be examined and may testify concerning all Protected Information which has been produced by that party and of which the witness has personal knowledge.

2.     A former director, officer, agent, and/or employee of a producing party may be interviewed, examined, and may testify concerning all Protected Information of which he or she has personal knowledge, including any Protected Information that refers to matters of which the witness has personal knowledge, which has been produced by that party, and which pertains to the period or periods of his or her employment.

3.     Nonparties may be examined or testify concerning any document containing Protected Information of a producing party which appears on its face or from other documents or testimony to have been received from or communicated to the nonparty as a result of any contact or relationship with the producing party or a representative of the producing party.  Any person other than the witness, his or her attorney(s), or any person qualified to receive Protected Information under this Order shall be excluded from the portion of the examination concerning such information, unless the producing party consents to persons other than qualified recipients being present at the examination.  If the witness is represented by an attorney who is not qualified under this Order to receive such information, then prior to the examination, the attorney must provide a signed statement, in the form of Attachment A hereto, that he or she will comply with the terms of this Order and maintain the confidentiality of Protected Information disclosed during the course of the examination.  In the event that such attorney declines to sign such a statement prior to the examination, the parties, by their attorneys, shall jointly seek a protective order from the Court prohibiting the attorney from disclosing Protected Information.

4.     With respect to all transcripts of depositions, exhibits, answers to interrogatories, pleadings, briefs, and other documents or portions of documents which have been designated as Protected Information, or which contain information so designated, the parties shall follow this Court's "Order re Pilot Program for Under Seal Documents" when presenting such documents, to the Court.

5.     Outside attorneys of record for the parties are hereby authorized to be the persons who may retrieve confidential exhibits and/or other confidential matters filed with the Court upon termination of this litigation without further order of this Court, and are the persons to whom such confidential exhibits or other confidential matters may be returned by the Clerk of the Court, if they are not so retrieved.  **No material or copies thereof so filed shall be released, except by order of the Court, to outside counsel of record.**  Notwithstanding the foregoing and with regard to material designated as RESTRICTED CONFIDENTIAL SOURCE CODE, the provisions of Paragraph I.C. are controlling to the extent those provisions differ from this paragraph.

6.     Protected Information shall not be copied or otherwise produced by a receiving party, except for transmission to qualified recipients, without the written permission of the producing party, or, in the alternative, by further order of the Court.  Nothing herein shall, however, restrict a qualified recipient from making working copies, abstracts, digests, and analyses of CONFIDENTIAL and CONFIDENTIAL OUTSIDE COUNSEL ONLY information for use in connection with this litigation and such working copies, abstracts, digests, and analyses shall be deemed Protected Information under the terms of this Order.  Further, nothing herein shall restrict a qualified recipient from converting or translating CONFIDENTIAL and CONFIDENTIAL OUTSIDE COUNSEL ONLY information into machine readable form for incorporation into a data retrieval system used in connection with this action, provided that access to that Protected Information, in whatever form stored or reproduced, shall be limited to qualified recipients.

7.     At the request of any party, the original and all copies of any deposition transcript, in whole or in part, shall be marked with an appropriate confidentiality designation by the reporter.  This request may be made orally during the deposition or in writing within **fifteen (**15**)** days of receipt of the final certified

1   transcript.  Deposition transcripts shall be treated by default as CONFIDENTIAL

2   OUTSIDE COUNSEL ONLY until the expiration of the time to make a

3   confidentiality designation.  Any portions so designated shall thereafter be treated

4   in accordance with the terms of this Order.

5        I.    Each party receiving Protected Information shall comply with all

6   applicable export control statutes and regulations.  *See, e.g.*, 15 CFR 734.2(b).  No

7   Protected Information may leave the territorial boundaries of the United States of

8   America or be made available to any foreign national who is not (i) lawfully

9   admitted for permanent residence in the United States, or (ii) identified as a

10   protected individual under the Immigration and Naturalization Act (8 U.S.C.

11   1324b(a)(3)).  No Protected Information may leave the territorial boundaries of the

12   United States of America.  Without limitation, this prohibition extends to Protected

13   Information (including copies) in physical and electronic form.  The viewing of

14   Protected Information through electronic means outside the territorial limits of the

15   United States of America is similarly prohibited.  Notwithstanding this prohibition,

16   Protected Information, exclusive of material designated RESTRICTED

17   CONFIDENTIAL SOURCE CODE, and to the extent otherwise permitted by law,

18   may be taken outside the territorial limits of the United States if it is reasonably

19   necessary for a deposition taken in a foreign country.  The restrictions contained

20   within this paragraph may be amended through the consent of the producing Party

21   to the extent that such agreed to procedures conform with applicable export control

22   laws and regulations.

23   **VII.   NONPARTY USE OF THIS PROTECTIVE ORDER**

24       A nonparty producing information or material voluntarily or pursuant to a

25   subpoena or a court order may designate such material or information as Protected

26   Information pursuant to the terms of this Protective Order.  A nonparty's use of this

27   Protective Order to protect its Protected Information does not entitle that nonparty

28   **to** access to the Protected Information produced by any party or other nonparty in

1   this case.

2   **VIII.  NO WAIVER OF PRIVILEGE**

3         Nothing in this Protective Order shall require production of information that

4   a party contends is protected from disclosure by the attorney-client privilege, the

5   work product immunity, or other privilege, doctrine, right, or immunity.  If

6   information subject to a claim of attorney-client privilege, work product immunity,

7   or other privilege, doctrine, right, or immunity is nevertheless inadvertently or

8   unintentionally produced, such production shall in no way prejudice or otherwise

9   constitute a waiver or estoppel as to any such privilege, doctrine, right, or

10  immunity.  Any party that inadvertently produces materials protected by the

11  attorney-client privilege, work product privilege, or other privilege, doctrine, right,

12  or immunity may obtain the return of those materials by promptly notifying the

13  recipient(s) and providing a privilege log for the inadvertently produced materials.

14  The recipient(s) shall gather and return all copies of the privileged material to the

15  producing party, except for any pages containing privileged markings by the

16  recipient, which pages shall instead be destroyed and certified as such by the

17  recipient to the producing party.  Notwithstanding this provision, outside litigation

18  counsel of record are not required to delete information that may reside on their

19  respective firm's electronic back-up systems that are over-written in the normal

20  course of business.

21  **IX.     MISCELLANEOUS PROVISIONS**

22         J.     Any of the notice requirements herein may be waived, in whole or in

23  part, but only in writing signed by the attorney-in-charge for the party against

24  whom such waiver will be effective.

25         K.     Inadvertent or unintentional production of documents or things

26  containing Protected Information which are not designated as one or more of the

27  three categories of Protected Information at the time of production shall not be

28  deemed a waiver in whole or in part of a claim for confidential treatment.  With

1   respect to documents, the producing party shall immediately upon discovery notify

2   the other parties of the error in writing and provide replacement pages bearing the

3   appropriate confidentiality legend.  In the event of any disclosure of Protected

4   Information other than in a manner authorized by this Protective Order, including

5   any unintentional or inadvertent disclosure, counsel for the party responsible for the

6   disclosure shall immediately notify opposing counsel of all of the pertinent facts

7   and make every effort to further prevent unauthorized disclosure including,

8   retrieving all copies of the Protected Information from the recipient(s) thereof, and

9   securing the agreement of the recipients not to further disseminate the Protected

10  Information in any form.  Compliance with the foregoing shall not prevent the

11  producing party from seeking further relief from the Court.

12         L.      Within **sixty (**60**)** days after the entry of a final non-appealable

13  judgment or order, or the complete settlement of all claims asserted against all

14  parties in this action, each party shall, at the option of the producing party, either

15  return or destroy all documents and physical objects which embody Protected

16  Information it has received, and shall destroy in whatever form stored or

17  reproduced, all documents and physical objects, including but not limited to,

18  correspondence, memoranda, notes, and other work product materials, which

19  contain or refer to any category of Protected Information.  All Protected

20  Information not embodied in documents and physical objects shall remain subject

21  to this Order.  In the event that a party is dismissed before the entry of a final non-

22  appealable judgment or order, this same procedure shall apply to any Protected

23  Information received from or produced to the dismissed party.  Notwithstanding

24  this provision, outside litigation counsel of record are not required to delete e-mails,

25  or information that may reside on their respective firm's electronic back-up systems

26  that are over-written in the normal course of business.  Notwithstanding the

27  foregoing, outside counsel shall be entitled to maintain two (2) copies of all

28  pleadings, motions, and trial briefs (including all supporting and opposing papers

1    and exhibits thereto), written discovery requests and responses (and exhibits

2    thereto), deposition transcripts (and exhibits thereto), trial transcripts, and exhibits

3    offered or introduced into evidence at any hearing or trial, and their attorney work

4    product which refers or is related to any CONFIDENTIAL and CONFIDENTIAL

5    OUTSIDE COUNSEL ONLY information for archival purposes only.  If a party

6    opts to destroy CONFIDENTIAL or CONFIDENTIAL OUTSIDE COUNSEL

7    ONLY information, the party must confirm in writing to the producing party that

8    the information was destroyed.

9         M.    If at any time documents containing Protected Information are

10   subpoenaed by any court, arbitral, administrative, or legislative body, or are

11   otherwise requested in discovery, the person to whom the subpoena or other request

12   is directed shall immediately give written notice thereof to every party who has

13   produced such documents and to its counsel and shall provide each such party with

14   an opportunity to object to the production of such documents.  If a producing party

15   does not take steps to prevent disclosure of such documents within ten (10)

16   business days of the date written notice is given, the party to whom the referenced

17   subpoena is directed may produce such documents in response thereto, but shall

18   take all reasonable measures to have such documents treated in accordance with the

19   terms of this Protective Order.  Nothing in this Order shall be construed as

20   authorizing a party to disobey a lawful subpoena issued in another action.

21        N.    No party shall be required to identify on their respective privilege log

22   any document or communication dated on or after the filing of the lawsuit, which,

23   absent this provision, the party would have been obligated to so identify on said

24   privilege log.  The parties shall exchange their respective privilege document logs

25   at a time to be agreed upon by the parties following the production of documents.

26        O.    This Order is entered without prejudice to the right of any party to

27   apply to the Court at any time for additional protection, or to relax or rescind the

28   restrictions of this Order, when convenience or necessity requires.  Furthermore,

1    without application to this Court, any party that is a beneficiary of the protections

2    of this Order may enter a written agreement releasing any other party hereto from

3    one or more requirements of this Order even if the conduct subject to the release

4    would otherwise violate the terms herein.  No modification by the parties shall have

5    the force or effect of a Court order unless the Court approves the modification.

6           P.      The United States District Court for the Central District of California

7    is responsible for the interpretation and enforcement of this Order.  After

8    termination of this litigation, the provisions of this Order shall continue to be

9    binding except with respect to those documents and information that become a

10   matter of public record.  This Court retains and shall have continuing jurisdiction

11   over the parties and recipients of the Protected Information for enforcement of the

12   provisions of this Order following termination of this litigation.  All disputes

13   concerning Protected Information produced under the protection of this Order shall

14   be resolved by the United States District Court for the Central District of California

15   in accordance with Local Rule 37 or other Local Rules and procedures.

16          Q.      Nothing in this Order shall preclude or impede outside litigation

17   counsel of record's ability to communicate with or advise their client in connection

18   with this litigation only based on such counsel's review and evaluation of Protected

19   Information, provided however, that such communications or advice shall not

20   disclose or reveal the substance or content of any Protected Information other than

21   as permitted under this Order.

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

1    R.    Each of the parties agree to be bound by the terms of this Order as of

2  the date counsel for such party **has** execute**d the [Proposed] Joint Stipulated**

3  Protective Order, even if prior to entry of this **O**rder by the Court.

4    **IT IS SO ORDERED**.

5  DATED:  June 20, 2014

6

7                                               MARGARET A. NAGLE

8                                      UNITED STATES MAGISTRATE JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **ATTACHMENT A TO THE STIPULATED PROTECTIVE ORDER**

## **CONFIDENTIAL AGREEMENT**

1. My name is _____.

2. I reside at _____.

3. My present employer is _____.

4. My present occupation or job description is _____.

5. I have read the Protective Order dated June 20, 2014 ("Order") and have been engaged as _____ on behalf of _____ in the preparation and conduct of litigation styled *Eopus Innovations LLC* v. *Dreamworks Animation Skg., Inc.*; *Avongard Products U.S.A. Ltd., dba Hydraulx Visual Effects*; *Deluxe Entertainment Group, Inc.*; and *Sony Pictures Imageworks, Inc. Sony Pictures Imageworks, Inc.*, Lead Case No. 2:13-CV-09552-JAK(MANx) consolidated with 2:13-CV-09554-JAK(MANx), 2:13-CV-09555-JAK(MANx), and 2:13-CV-09556-JAK(MANx).

6. I am fully familiar with and agree to comply with and be bound by the provisions of said Order. I understand that I am to retain all copies of any documents designated as CONFIDENTIAL, CONFIDENTIAL OUTSIDE COUNSEL ONLY, and/or RESTRICTED CONFIDENTIAL SOURCE CODE, or any similar designation, in a secure manner, and that all copies are to remain in my personal custody until I have completed my assigned duties, whereupon the copies and any writings prepared by me containing any information designated CONFIDENTIAL, CONFIDENTIAL OUTSIDE COUNSEL ONLY, and/or RESTRICTED CONFIDENTIAL SOURCE CODE, or any similar designation, are to be returned to counsel who provided me with such material.

7. I will not divulge to persons other than those specifically authorized by said Order, and will not copy or use except solely for the purpose of this action, any information obtained pursuant to said Order, except as provided in said Order. I

also agree to notify any stenographic or clerical personnel who are required to assist me of the terms of said Order.

8.    In accordance with the Order (if applicable), I have attached my resume, curriculum vitae, or other information to this executed Confidentiality Agreement sufficient to identify my current employer and employment history for the past ten (10) years, and the cases in which I have testified as an expert at trial or by deposition within the preceding five (5) years.

I state under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

By: _____

Executed on _____, 20____.