1  MATTHEW P. LEWIS (SBN 155516)
   mlewis@whitecase.com
2  WHITE & CASE LLP
3  633 W. Fifth Street, Suite 1900
   Los Angeles, CA 90071-2007
4  Telephone: (213) 620-7700
   Facsimile: (213) 452-2329
5

6  Attorneys for Dreamworks Animation
   SKG, Inc.; Avongard Products U.S.A.,
7  Ltd., dba Hydraulx Visual Effects;
   Method Studios LLC and Deluxe Entertainment
8  Services Group Inc.; Sony Pictures Imageworks Inc.

9
           **UNITED STATES DISTRICT COURT**
10
           **CENTRAL DISTRICT OF CALIFORNIA**
11

| | |
|---|---|
| EOPUS INNOVATIONS LLC, | Lead No. 2:13-CV-09552-JAK(MANx) |
| Plaintiff, | **Consolidated With:** |
| v. | 2:13-cv-09554-JAK(MANx)<br>2:13-cv-09555-JAK(MANx)<br>2:13-cv-09556-JAK(MANx) |
| AVONGARD PRODUCTS U.S.A., LTD. DBA HYDRAULX VISUAL EFFECTS | |
| Defendant. | **DEFENDANT-COUNTERPLAINTIFF AVONGARD PRODUCTS U.S.A., LTD.'S ANSWER AND AMENDED COUNTERCLAIMS TO EOPUS INNOVATION LLC'S COMPLAINT ALLEGING PATENT INFRINGEMENT** |
| AVONGARD PRODUCTS U.S.A., LTD. DBA HYDRAULX VISUAL EFFECTS, | [JURY TRIAL DEMANDED]<br>No. 2:13-CV-09554-JAK(MANx) |
| Counterplaintiff, | |
| v. | |
| EOPUS INNOVATIONS LLC, BLUESTONE VENTURES, INC., | |
| Counterdefendants. | |

- 1 -

Defendant-Counterplaintiff Avongard Products U.S.A., Ltd. dba Hydraulx Visual Effects ("Hydraulx") responds to the Complaint for Patent Infringement ("Complaint") filed by Plaintiff-Counterdefendant Eopus Innovations LLC ("Eopus") as follows:

1. Hydraulx is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1 of the Complaint, and on that basis denies them.

2. Hydraulx admits that Avongard Products U.S.A., Ltd. is a corporation organized under the laws of Illinois with its principal place of business at 12901 W. Jefferson Boulevard, Los Angeles, California 90066, and that its registered agent for service of process is David G. Strause, 12901 W. Jefferson Boulevard, Los Angeles, California 90066.  The remaining allegations in paragraph 2 are legal conclusions to which no response is required.

3. Hydraulx admits that the Complaint purports to allege claims under the patent laws of the United States.

4. Hydraulx admits that this Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

5. Hydraulx admits that it transacts business in this district and does not contest that this Court has personal jurisdiction over Hydraulx.  Hydraulx denies the remaining allegations of paragraph 5.

6. Hydraulx admits that venue is proper in this district for purposes of this particular action only.

7. Hydraulx admits that a document that appears to be a copy of United States Patent No. 5,581,670 (hereinafter "the '670 patent"), bearing issue date December 3, 1996 and the title "User Interface Having Movable Sheet With Click-Through Tools," and listing Eric A. Bier and William A. S. Buxton as the purported inventors, is attached as Exhibit 1 to the Complaint.  Hydraulx is without

knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 7 and on that basis denies them.

8. Hydraulx is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 8 and on that basis denies them.

9. Hydraulx is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 9 and on that basis denies them.

**COUNT I – INFRINGEMENT OF THE '670 PATENT**

10. Hydraulx repeats and incorporates by reference its responses in paragraphs 1-9 above as though fully set forth herein.

11. Hydraulx denies that it has directly infringed the '670 patent in any manner.

12. Hydraulx is without knowledge or information sufficient to form a belief as to which claims of the '670 patent are allegedly practiced by the software products listed in paragraph 12 of the Complaint. Hydraulx denies that it has directly infringed the '670 patent in any manner.

13. Hydraulx admits that it provided visual effect services for the feature films Avatar, The Avengers, Battle: Los Angeles, Captain America, Fantastic Four: Rise of the Silver Surfer, Green Lantern, Jumper, Looper, Snow White and the Huntsman, and The Incredible Hulk. Except as expressly admitted, Hydraulx denies the allegations in paragraph 13 of the Complaint.

14. Hydraulx denies the allegations in paragraph 14.

**FIRST AFFIRMATIVE DEFENSE**

15. Hydraulx has not directly infringed any asserted claim of the '670 patent in any manner.

**SECOND AFFIRMATIVE DEFENSE**

16. To the extent that Eopus purports to accuse Hydraulx of direct infringement by use of unidentified "Computer Graphics Software Products" not

- 2 -

listed in paragraph 12 of the Complaint, the Complaint is too vague and ambiguous for Hydraulx to be able to reasonably prepare a response.

### THIRD AFFIRMATIVE DEFENSE

17. On information and belief, Eopus lacks standing to sue.

### FOURTH AFFIRMATIVE DEFENSE

18. Each of the claims of the '670 patent is invalid and/or void for failing to comply with one or more of the requirements for patentability under the patent laws of the United States, including but not limited to 35 U.S.C. §§ 101, 102, 103, and/or 112.

### FIFTH AFFIRMATIVE DEFENSE

19. Eopus' claims are barred in whole or in part by operation of 35 U.S.C. §§ 286, 287, and 288.

### SIXTH AFFIRMATIVE DEFENSE

20. Eopus is estopped from construing any claim of the '670 patent to cover or include, either literally or by the application of the doctrine of equivalents, any product used by Hydraulx because of the admissions and statements made to the United States Patent and Trademark Office during prosecution of the application that led to the issuance of the '670 patent.

### SEVENTH AFFIRMATIVE DEFENSE

21. Eopus has not asserted willful infringement and is not entitled to any enhanced or increased damages.

### EIGHTH AFFIRMATIVE DEFENSE

22. Eopus has not alleged any basis for and cannot prove that this is an exceptional case to justify an award of attorney fees against Hydraulx pursuant to 35 U.S.C. § 285.

### NINTH AFFIRMATIVE DEFENSE

23. Eopus has not alleged any basis for and cannot prove that it has suffered severe or irreparable harm and is not entitled to any injunctive relief.

**TENTH AFFIRMATIVE DEFENSE**

24. On information and belief, Eopus' claims are barred by laches.

**ELEVENTH AFFIRMATIVE DEFENSE**

25. On information and belief, Eopus' claims are barred by equitable estoppel.

**TWELFTH AFFIRMATIVE DEFENSE**

26. On information and belief, Eopus' claims are barred by unclean hands.

**THIRTEENTH AFFIRMATIVE DEFENSE**

27. On information and belief, Eopus' claims are barred by patent exhaustion.

28. Hydraulx's investigation of Eopus' claims and Hydraulx's defenses is continuing. In addition to the defenses set forth herein, Hydraulx expressly reserves the right to allege and assert any additional defenses under Rule 8 of the Federal Rules of Civil Procedure or the patent laws of the United States, and any other defense at law or in equity, that may now exist or in the future become known or available based upon discovery or further investigation in this case.

**COUNTERCLAIMS**

Hydraulx realleges and incorporates herein by reference the matters alleged above and further states the following as its Counterclaims against Eopus and Bluestone Ventures, Inc.:

**THE PARTIES**

29. Avongard Products U.S.A., Ltd. is a corporation organized under the laws of Illinois doing business as Hydraulx Visual Effects with its principal place of business at 12901 W. Jefferson Boulevard, Los Angeles, California 90066.

30. Eopus is a patent holding company organized as a Virginia limited liability corporation with its principal office at 1984 Isaac Newton Square W, Suite 203, Reston, Virginia 20190.

- 4 -

31. Bluestone Ventures, Inc. ("Bluestone Ventures") is organized as a Virginia corporation with its principal office at 1984 Isaac Newton Square W, Suite 203, Reston, Virginia 20190.

32. On information and belief, both Bluestone Ventures and Eopus have as their registered agent Mr. Jongkook Park, with their registered offices at their shared principal office.

33. On information and belief, Mr. Jongkook Park acts as the Managing Member and President of Eopus, and as the Chief Executive Officer and Director of Bluestone Ventures.

34. On information and belief, both Bluestone Ventures and Eopus were created by Mr. Jongkook Park for the purposes of patent enforcement and licensing.

35. On information and belief, Bluestone Ventures is the 100 percent owner of Eopus's membership interests.

36. On information and belief, Eopus has no business activities other than enforcement and licensing of the '670 patent.

37. On information and belief, Mr. Jongkook Park through Bluestone Ventures controls Eopus and is entitled to any proceeds from this litigation or revenue generated from the '670 patent.

38. On information and belief, Eopus acts as the alter ego of Bluestone Ventures and Mr. Jongkook Park, and failure to disregard their purported separate corporate identities would allow Bluestone Ventures and Mr. Jongkook Park to evade their obligations and result in injustice to Hydraulx.

## JURISDICTION AND VENUE

39. This Court has subject matter jurisdiction over these Counterclaims pursuant to 28 U.S.C. §§ 1331, 1332, 1338(a), 1367, 2201, and 2202.

40. This Court has personal jurisdiction over Eopus and Bluestone Ventures because, *inter alia*, Eopus has submitted to the jurisdiction of this Court by purposefully availing itself of the benefits and protections of the laws of this

district by virtue of Eopus filing numerous suits in this district to assert a patent which, on its face, is assigned to Xerox Corporation, but in which Eopus claims to own all rights, title, and interest. Eopus acts as the alter ego of Bluestone Ventures, and by acquiring Eopus and the '670 patent after Eopus filed the Complaint, Bluestone Ventures has submitted to the jurisdiction of this Court.

41. Venue is proper in this district pursuant to 28 U.S.C. § 1391(c) and by virtue of Eopus asserting, pursuant to 28 U.S.C. § 1400, a claim for patent infringement in this district in response to which these Counterclaims are being asserted.

**FIRST COUNTERCLAIM FOR RELIEF - NON-INFRINGEMENT**

42. Hydraulx realleges and incorporates by reference the allegations of paragraphs 29-41 of its Counterclaims and all of its Defenses above as though fully set forth herein.

43. Hydraulx has not directly infringed any claim of the '670 patent in any manner. All of the claims of the '670 patent are now expired.

44. An actual and justiciable controversy has arisen between Eopus, Bluestone Ventures and Hydraulx with respect to the '670 patent. Hydraulx therefore seeks a judicial determination and a declaration of the respective rights of Hydraulx, Eopus, and Bluestone Ventures regarding the '670 patent. A judicial declaration concerning these matters is necessary and appropriate at this time.

45. Absent a declaration and order sought by Hydraulx, Eopus and/or Bluestone Ventures will continue to wrongfully assert the '670 patent against Hydraulx, thereby causing Hydraulx injury and damage. This is an exceptional case entitling Hydraulx to an award of its attorneys' fees incurred in connection with this action under 35 U.S.C. § 285.

## SECOND COUNTERCLAIM FOR RELIEF - INVALIDITY

46. Hydraulx realleges and incorporates by reference the allegations of paragraphs 29-45 of its Counterclaims and all of its Defenses above as though fully set forth herein.

47. Any claim of the '670 patent asserted against Hydraulx is invalid.

48. An actual and justiciable controversy has arisen between Eopus, Bluestone Ventures, and Hydraulx with respect to the '670 patent. Hydraulx therefore seeks a judicial determination and a declaration of the respective rights of Hydraulx, Eopus, and Bluestone Ventures regarding the '670 patent. A judicial declaration concerning these matters is necessary and appropriate at this time.

49. Absent a declaration and order sought by Hydraulx, Eopus and/or Bluestone Ventures will continue to wrongfully assert the '670 patent against Hydraulx, thereby causing Hydraulx injury and damage. This is an exceptional case entitling Hydraulx to an award of its attorneys' fees incurred in connection with this action under 35 U.S.C. § 285.

## HYDRAULX'S PRAYER FOR RELIEF

WHEREFORE, Defendant-Counterplaintiff Avongard Products U.S.A., Ltd. (Hydraulx) prays for judgment as follows:

1. A dismissal with prejudice of the Complaint against Hydraulx;

2. A denial of any and all relief sought by Eopus;

3. A declaration that Hydraulx has not directly infringed any asserted claim of the '670 patent;

4. A declaration that the '670 patent is invalid and/or unenforceable;

5. A declaration that this case is exceptional under 35 U.S.C. § 285 to support an award to Hydraulx of its attorneys' fees and costs incurred in connection with this action; and

6. Such other and further relief as this Court deems just and proper.

Dated:  July 10, 2014

By: */s/ Matthew P. Lewis*

Jeannine Sano, SBN 174190
jsano@whitecase.com
Eric E. Lancaster, SBN 244449
elancaster@whitecase.com
Pan C. Lee, SBN 278979
pclee@whitecase.com
White & Case LLP
3000 El Camino Real
5 Palo Alto Square, 9th Floor
Palo Alto, CA  94306
Telephone:  650-213-0356

David M. Tennant, *pro hac vice*
dtennant@whitecase.com
James P. Gagen, *pro hac vice*
jgagen@whitecase.com
White & Case LLP
701 Thirteenth Street, NW
Washington D.C.  20005
Telephone:  202-626-6496

Matthew P. Lewis, SBN 155516
mlewis@whitecase.com
White & Case LLP
633 W. Fifth Street, Suite 1900
Los Angeles, CA  90071-2007
Telephone: (213) 620-7700

Attorneys for Dreamworks Animation SKG, Inc.; Avongard Products U.S.A., Ltd., dba Hydraulx Visual Effects; Method Studios and Deluxe Entertainment Services Group Inc.; Sony Pictures Imageworks Inc.

Marc E. Hankin, SBN 170505
marc@HankinPatentLaw.com
Hankin Patent Law APC
12400 Wilshire Boulevard, Suite 1265
Los Angeles, CA  90025
Telephone:  310-979-3600

- 8 -

Attorneys for *Avongard Products U.S.A., Ltd.*

## **REQUEST FOR JURY TRIAL**

Defendant-Counterplaintiff Avongard Products U.S.A., Ltd. (Hydraulx) hereby requests a trial by jury of any issues triable by right under Rule 38 of the Federal Rules of Civil Procedure.

Dated: July 10, 2014

By: */s/ Matthew P. Lewis*

Jeannine Sano, SBN 174190
jsano@whitecase.com
Eric E. Lancaster, SBN 244449
elancaster@whitecase.com
Pan C. Lee, SBN 278979
pclee@whitecase.com
White & Case LLP
3000 El Camino Real
5 Palo Alto Square, 9th Floor
Palo Alto, CA  94306
Telephone:  650-213-0356

David M. Tennant, *pro hac vice*
dtennant@whitecase.com
James P. Gagen, *pro hac vice*
jgagen@whitecase.com
White & Case LLP
701 Thirteenth Street, NW
Washington D.C.  20005
Telephone:  202-626-6496

Matthew P. Lewis, SBN 155516
mlewis@whitecase.com
White & Case LLP
633 W. Fifth Street, Suite 1900
Los Angeles, CA  90071-2007
Telephone: (213) 620-7700

Attorneys for Dreamworks Animation Skg, Inc.; Avongard Products U.S.A., Ltd., dba Hydraulx Visual Effects;

```
 1    Method Studios and Deluxe
      Entertainment Services Group Inc.; Sony
 2    Pictures Imageworks, Inc.
 3
      Marc E. Hankin, SBN 170505
 4    marc@HankinPatentLaw.com
      Hankin Patent Law APC
 5    12400 Wilshire Boulevard, Suite 1265
      Los Angeles, CA  90025
 6    Telephone:  310-979-3600
 7
      Attorneys for Avongard Products U.S.A.,
 8    Ltd.
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
                                - 10 -
```

# CERTIFICATE OF SERVICE

I hereby certify that on the 10th day of July, 2014, I electronically filed the foregoing document, DEFENDANT-COUNTERPLAINTIFF AVONGARD PRODUCTS U.S.A., LTD's ANSWER AND AMENDED COUNTERCLAIMS TO EOPUS INNOVATION'S COMPLAINT ALLEGING PATENT INFRINGEMENT with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following attorneys of record who have consented to accept this Notice as service of this document by electronic means:

> Marc J. Schneider
> Douglas Q. Hahn
> Stephen L. Ram
> STRADLING YOCCA CARLSON & RAUTH P.C.
> 660 Newport Center Drive, Suite 1600
> Newport Beach, CA 92660-6422
> Telephone: (949) 725-4000
> mschneider@sycr.com
> dhahn@sycr.com
> sram@sycr.com
>
> Edward R. Nelson
> Ryan Griffin
> Anthony Vecchione
> NELSON BUMGARDNER CASTO, P.C.
> 3131 West 7th Street, Suite 300
> Fort Worth, TX 76107
> Telephone: (817) 377-9111
> enelson@nbclaw.net
> rgriffin@nbclaw.net
> avecchione@nbclaw.net
>
> Timothy E. Grochocinski
> INNOVALAW P.C.
> 1900 Ravinia Place
> Orland Park, IL 60462
> Telephone: (708) 675-1975
> teg@innovalaw.com

By _/s/ Matthew P. Lewis_
Matthew P. Lewis